IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

In re: SIMBAKI, LTD. DBA § Case No. 13-36878-H1-11
BERRYHILL BAJA GRILL & § (Chapter 11)
CANTINA

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
**FILED BY COMMERCIAL LANDLORD PASSAGE REALTY, INC.**

THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

THERE WILL BE A HEARING ON THIS MATTER ON JANUARY 17, 2013 AT 9:00 A.M. IN COURTROOM 404, 4TH FLOOR, UNITED STATE COURTHOUSE, 515 RUSK, HOUSTON, TEXAS 77002.

NOTWITHSTANDING THE IMMEDIATELY PRECEDING LANGUAGE, MOVANT WILL BE SEEKING AN EMERGENCY HEARING SOONER THAN JANUARY 17, 2013 TO THE EXTENT DEBTOR FAILS TO MAINTAIN COMMERCIAL GENERAL LIABILITY (AND OTHER INSURANCE REQUIRED BY THE LEASE), WHICH INSURANCE IS SET TO EXPIRE ON DECEMBER 22, 2013.

Now comes Passage Realty, Inc. and would show the Court:

**BACKGROUND**

1. On January 14, 2005, Simbaki Ltd. dba Berryhill Baja Grill & Cantina (as tenant) and Passage Realty, Inc. (as landlord) executed a lease agreement as to commercial space located at Baybrook Mall (hereinafter the "premises").

   *Unpaid Post-petition Rent*

2. The lease calls for payment of rent on the first day of each month. Interest on unpaid rent becomes payable when rent is not received by the tenth day of the month.

3. Simbaki Ltd. dba Berryhill Baja Grill & Cantina (hereinafter, "Simbaki") failed to pay its November 2013.

4. On November 4, 2013, Simbaki filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. Simbaki failed to pay its December 2013 rent.

6. On information (including discussions that occurred at the December 17th continued 341 meeting) and belief, Simbaki has not paid post-petition rent to the landlord for its Montrose location.

*Insurance Policies Terminating December 22, 2013*

7. Section 9.01 of the lease imposes on Simbaki the duty to maintain the following insurance:

    a. Risk coverage insurance (naming Passage Realty as "loss payee") on all improvements and furniture, fixture, and equipment;

    b. Commercial general liability insurance naming Passage Realty as an additional insured;

    c. Liquor law liability policy;

    d. Automobile bodily injury and property damage insurance; and

    e. Workers compensation insurance (if required by law).

8. According to the 341 testimony and the comments of counsel for Simbaki, the insurance in place terminates December 22, 2013.

*Lack of Authority to Use Cash Collateral*

9. On December 13, 2013, Enterprise Bank filed a "Notice of Prohibition of Use of Cash Collateral."

10. On December 17, 2013, Simbaki appeared at the continued 341 meeting and, through its principal, testified that employee payroll is due Friday, December 22nd and that payroll will not be paid absent authority to use cash collateral.

11. At the same 341 meeting, it became apparent from the discussions between counsel for Enterprise Bank and Simbaki, that Simbaki had transmitted to Enterprise Bank <u>no</u> proposed cash collateral budget whatsoever. [1] This, despite that:

    a. post-petition rent is not being paid;

    b. insurance required by the lease lapses December 22, 2013; and

    c. Payroll is due Friday December 20, 2013.

## REQUEST FOR RELIEF

12. Passage Realty, Inc. asks the Court to enter an order terminating the automatic stay in order to allow Passage Realty, Inc. to exercise any and all of its rights under the lease and under applicable-non-bankruptcy law, including the right to evict Simbaki.

13. Passage Realty, Inc. asks the Court to enter an order awarding it the attorney's fees and costs incurred to prosecute this motion.

## ARGUMENT & AUTHORITY

14. There is cause to grant stay relief insofar as Passage Realty is not adequately protected. 11 U.S.C. § 362(d)(1).

15. One, November and now December's rent remain outstanding.

16. Two, insurance required by the lease is set to terminate December 22, 2013. Simbaki's continued operations without that insurance will put Passage Realty (not to mention Simbaki's customers, employees, and personal property) at undue and unfair risk.

---

[1] The undersigned was informed by counsel for Enterprise Bank that after 3:00 p.m. today Simbaki transmitted its first proposed budget.

Simbaki operates a restaurant and bar in the leased premises. What if the kitchen catches on fire?

17. Three, Simbaki cannot operate (e.g., pay rent, secure insurance, or make payroll) without authority to use cash collateral. (Yesterday afternoon the undersigned was advised by counsel for Enterprise Bank that temporary agreement as to cash collateral has been reached.) Simbaki's undue delay in securing authority to use cash collateral puts Passage Realty, Inc. at undue risk of future non-payment of rent.

## Prayer

18. Landlord prays that the Court enter an order (i) terminating the automatic stay as to Passage Realty, Inc. in order to allow Passage Realty, Inc. to exercise any and all of its rights under the lease and under applicable-non-bankruptcy law, including the right to evict Simbaki, and (ii) awarding Passage Realty, Inc. the attorney fees and costs incurred to prosecute this motion.

Date: December 19, 2013

          HOOVER SLOVACEK LLP

               */s/ Annie E. Catmull*
By:_____
ANNIE E. CATMULL
State Bar No. 00794932
MELISSA A. HASELDEN
State Bar No. 00794778
5847 San Felipe, Suite 2200
Houston, Texas 77057
Telephone: (713) 977-8686
Facsimile: (713) 977-5395

*Attorneys for Passage Realty, Inc.*

## Certificate of Conference

The undersigned has conferred (telephonically, and in person at the December 17th 341 meeting) with opposing counsel, Calvin Braun, and been unable to reach an agreement on the requested relief.

*/s/ Annie E. Catmull*

ANNIE E. CATMULL