

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
10/15/2014

| | | |
|---|---|---|
| IN RE: | § | |
| SIMBAKI, LTD; dba BERRYHILL BAJA | § | CASE NO: 13-36878 |
| GRILL; dba BERRYHILL BAJA GRILL & | § | |
| CANTINA | § | |
|     Debtor(s) | § | |
| | § | CHAPTER 11 |

## MEMORANDUM OPINION

The deadline for the assumption of a nonresidential real property lease is satisfied upon the trustee filing a motion to assume the lease. Simbaki, Ltd. filed a motion to assume its lease with Passage Realty, Inc. prior to the statutory deadline. Accordingly, Simbaki's lease was not terminated by operation of law.

## Background

The material facts are not in dispute. Simbaki owns two restaurants in the Houston area that operate out of leased facilities. Simbaki leases space from Passage Realty, Inc. ("Passage") for use by one of the restaurants. On November 24, 2013, Simbaki filed a voluntary petition for chapter 11 relief. (ECF No. 1). In its amended bankruptcy schedules, Simbaki indicated that it had an unexpired lease with "PM Realty Group" which was to be assumed. (ECF No. 20 at 21). The Court granted a 90-day extension of the statutory deadline to assume or reject the lease on February 26, 2014. (ECF No. 112). June 2, 2014 became the new deadline for assuming or rejecting the lease. *Id.*

On May 28, 2014, five days prior to the deadline, Simbaki filed a motion to assume the Passage lease. (ECF No. 146). On June 18, 2014 Passage filed an objection to the motion to assume. (ECF No. 154). Passage argued, among other objections, that because Simbaki failed to obtain an order assuming the lease by the June 2 deadline, the lease was rejected as a matter of

law. After the deadline passed, Passage began returning rent checks to Simbaki with a letter indicating that the lease has been rejected. (ECF No. 202 at 4). On September 12, 2014, the Court held a hearing to consider Simbaki's motion to assume the lease. At the hearing, the Court requested briefing on the single issue of whether Passage's lease is deemed rejected as a matter of law and set the matter for an additional hearing on September 18, 2014. The Court issued an oral ruling at the September 18 hearing that the lease was not deemed rejected.

## Discussion

*Assumption of a Lease Under 11 U.S.C. § 365(d)(4)*

The single issue under consideration is whether the filing of a motion to assume a nonresidential lease is sufficient to satisfy the deadline imposed by 11 U.S.C. § 365(d)(4). Section 365(d)(4) provides that:

> (A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the *trustee does not assume or reject* the unexpired lease by the earlier of—
>
> > (i) the date that is 120 days after the date of the order for relief
> >
> > (ii) the date of the entry of an order confirming a plan
>
> (B)(i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.
>
> > (ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

11 U.S.C. § 365(d)(4) (emphasis added). Passage argues that in order for the trustee to assume the lease within the statutory deadline, the court must issue an order granting the trustee's motion. Simbaki argues that once the trustee files a motion to assume the lease, the statutory requirements are met, regardless of when the court issues an order.

The meaning of the term "assume" in the context of § 365(d)(4)(A) can only be determined in two ways. "If the statute is unambiguous, the court is to interpret the statute in accordance with its plain meaning and without regards to any extraneous materials." *See Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004). If a statute is ambiguous, however, the court should analyze the statute in light of the intent of Congress. *See United States v. Orellana*, 405 F.3d 360, 365 (5th Cir. 2005).

The Bankruptcy Code does not explicitly define the term "assume." Section 365(d)(4)(A) states that a lease is deemed rejected "if the trustee does not assume or reject the unexpired lease by the earlier of" 120 days after an order for relief or the order confirming a plan. This language implies that the trustee can unilaterally assume or reject the lease. A reasonable interpretation of § 365(d)(4)(A) is that once the trustee files a motion to assume, the statutory deadline is met. However, § 365(a) provides that any decision to assume or reject the lease must be approved by the court.[1] If § 365(d)(4)(A) is read in conjunction with §365(a), an assumption of a lease can be interpreted to occur only once the court grants the motion. Both interpretations are reasonable given the plain language of the statute.[2] A fundamental provision of statutory interpretation is that "a statute is ambiguous if it is susceptible to more than one reasonable interpretation or more than one accepted meaning." *United States v. Hoang*, 636 F.3d 677, 682 (5th Cir. 2011). Because § 365(d)(4)(A) is susceptible to two reasonable

---

[1] 11 U.S.C. § 365(a) states that "the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."

[2] Passage cites *In re Austin* to support its position that the Fifth Circuit considers § 365(d)(4) to be "straightforward." *Eastover Bank for Sav. v. Sowashee Venture (In re Austin Dev. Co.)*, 19 F.3d 1077, 1081 (5th. Cir. 1994). As Passage acknowledges, however, that case regarded the treatment of a security interest in a lease after it was deemed rejected, and the court never addressed the issue of when a lease must be assumed or rejected.

interpretations, the statute is ambiguous as to when a lease is assumed for the purposes of meeting the statutory deadline.[3]

Turning to the intent of Congress to assist in interpreting the ambiguous provision, it is apparent that filing a motion to assume satisfies the statutory deadline. Prior to BAPCPA, § 365(d)(4) allowed the trustee only 60 days to assume or reject the lease, but allowed unlimited extensions of the deadline for cause.[4] BAPCPA eliminated the potentially indefinite assumption period and set forth "a maximum possible period of 210 days from the time of entry of the order of relief." H.R.Rep. No. 109–34 at 86. Congress's stated purpose in amending the statute is to "establish a firm, bright line deadline by which an unexpired lease of nonresidential real property must be assumed or rejected." *Id.*

Requiring the trustee to obtain a court order approving the motion to assume the lease would destroy the purpose of a bright-line rule. *See Cousins Prop., Inc. v. Treasure Isles HC, Inc. (In re Treasure Isles HC, Inc.)*, 462 B.R. 645, 650 (B.A.P. 6th Cir. 2011). Instead of having 210 days to file a motion, the trustee would have 210 days less the time it takes the judge to rule on the motion. As the *Treasure Island* court noted, a trustee could file a motion to assume a lease on the day the debtor files its petition and, through no fault of the trustee, still fail to obtain court approval before the deadline. *Id.* Additionally, if Passage's interpretation of the statute were adopted, the business-decision-making period (that is, the period for the trustee to reach a

---

[3] Although the Court is unaware of a prior case finding § 365(d)(4)(A) ambiguous, numerous cases discussing the deadline for lease assumption turn to the legislative history for guidance. *See, e.g.*, *In re Treasure Isles HC, Inc.*, 462 B.R. 645, 650 (B.A.P. 6th Cir. 2011); *In re Filene's Basement* Case No. 11-13511, 2014 WL 1713416 at *9 (Bankr. D. Del. Apr. 29, 2014). Because a finding of ambiguity is required to consult legislative history with regards to a statutory provision, these courts have made a *sub silentio* finding of ambiguity.

[4] Pre-2005, §365(d)(4) read as follows:

> Nothwithstanding paragraphs (1) and (2), in a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

decision) could vary significantly from court to court, depending on the individual courts' caseloads and procedures.

Additionally, by stating that a lease is deemed rejected unless *the trustee* assumes or rejects the lease, Congress has indicated that the deadline is satisfied when the trustee takes action, not the court. By contrast, § 365(a) states that "the trustee, *subject to the court's approval* may assume or reject any . . . lease of the debtor." 11 U.S.C. § 365(a) (emphasis added).

When Congress wishes to condition a deadline on Court action, it knows how to craft appropriate language. For example, Congress makes explicit reference to court action in § 362(e)(1), which provides that:

> Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, *unless the court, after notice and a hearing, orders such stay continued* . . .

11 U.S.C. § 362(e)(1); *see also In re Filene's Basement, LLC*, Case No. 11-13511, 2014 WL 1713416 at *9 (Bankr. D. Del. Apr. 29, 2014). The absence of any reference to court action in § 365(d)(4)(A) is conspicuous when compared to §§ 362(e)(1) and 365(a). Congress could have required the trustee to obtain a court order approving his motion to satisfy the deadline, but chose to omit that explicit requirement.

A review of both pre- and post-BAPCPA cases shows that an overwhelming majority of courts hold that a trustee need only file a motion to assume before the deadline. *See, e.g.*, *Turgeon v. Victoria Station Inc. (In re Victoria Station Inc.)*, 840 F.2d 682 (9th Cir. 1994); *Filene's Basement*, 2014 WL 1713416 at * 9; *In re Citrus Tower Boulevard Imaging Ctr., LLC*, Case No. 11-70284, 2012 WL 1820814 (Bankr. N.D. Ga. Apr. 2, 2012); *Cousins Prop., Inc. v. Treasure Isles HC, Inc. (In re Treasure Isles HC, Inc.)*, 462 B.R. 645, 651 (B.A.P. 6th Cir.

2011); *In re Akron Thermal Ltd. P'ship*, 414 B.R. 193 (N.D. Ohio 2009); *In re Kroh Bros. Development Co.*, 100 B.R. 480 (Bankr. W.D. Mo. 1989); *In re Delta Paper Co.*, 74 B.R. 58 (Bankr. E.D. Ten.. 1987). Passage argues that courts have split with regards to assumption under § 365(d)(4), but notably does not cite to a single case where a court has taken the opposite position. Passage's interpretation of the case law is incorrect. Collier notes that courts have "generally permitted a post-deadline order if the trustee filed a motion to assume before the deadline." *Collier on Bankruptcy* ¶ 365.05[3][b] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2013). Furthermore, in *In re Treasure Isles*, the court stated that "almost every pre-BAPCPA case addressing this issue holds that a trustee need only file its motion to assume the lease prior to the deadline . . . [and] post-BAPCPA cases continue to hold [the same]." *Treasure Isles*, 462 B.R. at 649.

*Passage's Brief*

Passage makes three additional primary arguments in support of its position. First, Passage acknowledges that no Fifth Circuit case has spoken directly to the point at issue, but instead relies on *In re American Healthcare Management, Inc.* for support. A pre-BAPCPA case, *AHM* held that the previous version of § 365(d)(4) authorized a bankruptcy judge to grant multiple extensions of the assumption period, so long as the motion to extend was brought prior to the expiration of the original assumption period. *In re American Healthcare Management, Inc.*, 900 F.2d 827, 830 (5th Cir. 1990). The Fifth Circuit noted that once the 60-day assumption period has passed, the lease is automatically deemed rejected, and a trustee can no longer bring a motion to extend the assumption period. *Id.*

Passage interprets *AHM* to stand for the proposition that once the assumption period expired at 12:01 a.m. on June 3, the lease was automatically rejected and the court may no longer

rule on the motion to assume. This reading of *AHM* goes too far. In fact, *AHM* held that a bankruptcy court can rule on a motion to extend the assumption period "so long as a *motion to extend is brought prior to the expiration of the period as previously extended*." *Id.* (emphasis added). Although *AHM* does not precisely address when a motion to assume must be filed, the court expressly held that filing of the motion is all that is required to meet the deadline for extending the lease. Presumably, the court would apply the same logic to a motion to assume the lease and allow the bankruptcy court to rule on the motion even after the deadline had passed. Passage's reliance on *AHM* is misplaced.

Second, Passage argues that because under the Bankruptcy Code a lease is not assumed until the bankruptcy court approves a motion to assume a lease, the mere filing of the motion cannot satisfy the statutory deadline. *See* 11 U.S.C. § 365(a). In effect, Passage is arguing that the plain language of the statute requires court approval before the deadline expires. By pointing to the inconsistency contained within §365, however, Passage implicitly acknowledges that the statute is ambiguous. Section 365(d)(4) requires the *trustee* to assume the lease within the 210-day deadline, but § 365(a) makes clear that the trustee cannot actually do that on his own.

Third, Passage contends that allowing a court to rule on a motion to assume after the deadline has passed nullifies the restrictive extension provisions of § 365(d)(4)(B). A court can only grant a 90-day extension within 120 days following the order for relief upon motion of the trustee or lessor, for cause. 11 U.S.C. § 365(d)(4)(B). Passage argues that if filing the motion is all that is required to meet the deadline, bankruptcy judges will have discretion to extend the deadline past the 210-day mark. Accordingly, lessors could be left in limbo with regards to the status of the lease after 210 days. The stated purpose of the deadline, however, is to balance the interests of the debtor in having enough time to make informed decisions against the interests of

the lessors in "not being left in doubt concerning their status vis-à-vis the estate." H.R.Rep. No. 95–595, at 348 (1977). If a court rules on a motion to assume a lease after the 210-day mark has passed, the lessor is not in doubt as to the trustee's intentions. Once the trustee files the motion within the 210 days, the lessor will know whether the trustee intends to assume or reject, and can plan accordingly.

## Conclusion

Debtor's lease with Passage was not automatically terminated on June 2, 2014.

SIGNED **October 14, 2014.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE